| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT ELIADES & RAVIN LLC<br>80 Route 4 East, Suite 290<br>Paramus, NJ 07652<br>(201) 845-1000<br>Proposed Attorneys for Charles M. Forman,<br>Chapter 7 trustee<br>Harry M. Gutfleish (HG-6483)<br>Robert H. Johnson (RJ-0077) | |
| In Re:<br><br>THE RUSS COMPANIES, INC., et al.,[1]<br><br>      Debtors. | Chapter 7<br>Case No. 11-22470 (DHS) |

FILED
James J. Waldron, Clerk

APR 21 2011

U.S. Bankruptcy Court, Newark NJ
BY: _____, Deputy

**ORDER PURSUANT TO SECTIONS 105 AND 721 OF THE BANKRUPTCY CODE AUTHORIZING TRUSTEE (A) TO OPERATE CERTAIN OF THE DEBTORS; (B) TO RETAIN CERTAIN OF THE DEBTORS' EMPLOYEES; (C) TO PAY PRE-PETITION EMPLOYEE SALARY, WAGE, EXPENSE REIMBURSEMENT AND OTHER EMPLOYEE OBLIGATIONS; AND (D) TO CONTINUE THE DEBTORS' CASH MANAGEMENT SYSTEM**

   The relief set forth on the following pages, number two (2) through (___), is hereby ORDERED

April 21, 2011

D. Stehwoth
USBJ

---

[1] The Debtors are The Russ Companies, Inc., Russ Berrie Company Investments, Inc., Russ Berrie U.S. Gift Inc., The Encore Group, Inc., Russ Berrie and Company Properties, Inc., and Russplus, Inc.

Page 2
Debtors: The Russ Berrie Companies, Inc. *et al.*
Case No:
Caption: **ORDER PURSUANT TO SECTIONS 105 AND 721 OF THE BANKRUPTCY CODE AUTHORIZING TRUSTEE (A) TO OPERATE CERTAIN OF THE DEBTORS; (B) TO RETAIN CERTAIN OF THE DEBTORS' EMPLOYEES; (C) TO PAY PRE-PETITION EMPLOYEE SALARY, WAGE, EXPENSE REIMBURSEMENT AND OTHER EMPLOYEE OBLIGATIONS; AND (D) TO CONTINUE THE DEBTORS' CASH MANAGEMENT SYSTEM**

---

This matter, having been opened to the Court on the Motion filed by Charles M. Forman, the chapter 7 trustee (the "Trustee") for The Russ Companies, Inc. ("TRC"), Russ Berrie Company Investments, Inc. ("Russ Investments"), Russ Berrie U.S. Gift Inc. ("Russ Gift"), The Encore Group, Inc. ("Encore Group"), Russ Berrie and Company Properties, Inc. ("Properties"), and Russplus, Inc. ("Russplus" and, together with TRC, Russ Investments, Russ Gift, Encore Group, and Properties, the "Debtors"), through his attorneys, Forman Holt Eliades & Ravin LLC, seeking the entry of any Order authorizing the Trustee to (a) operate certain of the Debtors, (b) to obtain post-petition financing in accordance with the proposed Interim Order submitted with the Motion (the "Interim Order"); (c) to retain certain of the Debtors' employees, (d) to pay pre-petition employee salary, wage, expense reimbursement and other employee obligations, (e) to continue the Debtors' cash management system and (f) granting related relief, and upon the Trustee's motion; and the Court having found that the Trustee provided notice of this Motion +to the Office of the United States Trustee, Wells Fargo, National Association, Eldrige Hanes and Kid Brands, Inc.; and the Court having found sufficient cause for the relief granted herein. Therefore, **IT IS ORDERED THAT**:

1. The Application is GRANTED.

2. The notice provided by the Trustee is sufficient in light of the emergent nature of the relief sought and is hereby approved.

Page 3
Debtors: The Russ Berrie Companies, Inc. *et al.*
Case No:
Caption: **ORDER PURSUANT TO SECTIONS 105 AND 721 OF THE BANKRUPTCY CODE AUTHORIZING TRUSTEE (A) TO OPERATE CERTAIN OF THE DEBTORS; (B) TO RETAIN CERTAIN OF THE DEBTORS' EMPLOYEES; (C) TO PAY PRE-PETITION EMPLOYEE SALARY, WAGE, EXPENSE REIMBURSEMENT AND OTHER EMPLOYEE OBLIGATIONS; AND (D) TO CONTINUE THE DEBTORS' CASH MANAGEMENT SYSTEM**

---

3. The Trustee is authorized to operate the Debtors' business for a period of 120 days from April 21, 2011 through and including July 22, 2011, for the purposes and to the extent described in the Motion and in accordance with the Interim Order and the budget attached thereto (the "Budget").

4. The Debtors shall cooperate with the Trustee in an effort to satisfy the requirements of the United States Trustee relating to the Trustee's operation of the Debtors' business.

5. Pursuant to the Interim Order (and any final order approving the relief set forth therein), the Trustee shall used the proceeds of his post-petition financing facility from Wells Fargo solely for the purposes set forth in the Budget, including, but not limited to, the payment of wages to employees who will effectuate the orderly liquidation of the Debtors' assets. The Trustee shall not use funds, cash or cash equivalents, or make any expenditure, except as authorized and permitted in the Interim Order and in accordance with the Budget.

6. The Trustee is authorized to employ such personnel as he, in his reasonable business judgment, sees fit, at salaries in accordance with the amounts set forth in the Budget for a period not to exceed ninety (90) days from the date of entry of this Order.

7. The Trustee is authorized to pay any outstanding wages, salaries, commissions and/or expenses accrued by the Debtors' employees prior to the Petition Date as detailed in the

Page 4
Debtors:     The Russ Berrie Companies, Inc. *et al.*
Case No:
Caption:    **ORDER PURSUANT TO SECTIONS 105 AND 721 OF THE BANKRUPTCY CODE AUTHORIZING TRUSTEE (A) TO OPERATE CERTAIN OF THE DEBTORS; (B) TO RETAIN CERTAIN OF THE DEBTORS' EMPLOYEES; (C) TO PAY PRE-PETITION EMPLOYEE SALARY, WAGE, EXPENSE REIMBURSEMENT AND OTHER EMPLOYEE OBLIGATIONS; AND (D) TO CONTINUE THE DEBTORS' CASH MANAGEMENT SYSTEM**

---

Motion, provided, however, that no such payment shall exceed the statutory maximum allowed under 11 U.S.C. §507(a)(4), and any bank receiving a check in connection with payment of accrued wages, salaries, commissions and/or expenses of the Debtors' employees is directed to honor such check(s).

8.    The Trustee is authorized, but not directed, to continue to maintain and utilize the Debtors' Cash Management System; provided, however, that (a) such accounts shall be placed in the name of the Trustee and (b) within two (2) business days of the entry of this Order, the Trustee shall open one or more trustee accounts (the "Trustee Accounts"). Periodically, and in accordance with the Interim Order and the Budget, Wells Fargo will transfer funds to the Trustee to be deposited in Trustee Accounts to be (i) used for the purposes set forth in, and in accordance with, the Budget or, (ii) to the extent such funds exceed the amounts necessary to fund the items set forth in the Budget, shall be invested, consistent with the U.S. Trustee's Operating Guidelines, in an interest-bearing account. The Trustee shall not use any funds, cash or cash equivalents, or make any expenditure, from the Trustee Accounts except as authorized and set forth in the Budget, or as may be approved in writing by Wells Fargo.

9.    The Trustee shall provide Wells Fargo with a copy of all operating reports that are required to be prepared and filed in connection with his the operation of the Debtors' business, if any. Wells Fargo and its agents, upon prior notice to the Trustee of each requested access, shall

Page 5
Debtors:     The Russ Berrie Companies, Inc. *et al.*
Case No:
Caption:     **ORDER PURSUANT TO SECTIONS 105 AND 721 OF THE BANKRUPTCY CODE AUTHORIZING TRUSTEE (A) TO OPERATE CERTAIN OF THE DEBTORS; (B) TO RETAIN CERTAIN OF THE DEBTORS' EMPLOYEES; (C) TO PAY PRE-PETITION EMPLOYEE SALARY, WAGE, EXPENSE REIMBURSEMENT AND OTHER EMPLOYEE OBLIGATIONS; AND (D) TO CONTINUE THE DEBTORS' CASH MANAGEMENT SYSTEM**

---

be given continuous access to the books, records and documents of the Debtors, their affiliates, and the Debtors' estates, including, without limitation, check registers (general disbursements and other disbursements), general ledgers, journal entries, payroll journals, cash activity reports, aged accounts receivable, aged accounts payable, bank reconciliations, canceled checks, bank debit and credit advice, bank statements, leases, and contracts.

10. The terms and provisions of this Order shall be binding upon the Trustee and his successors and assigns, including any subsequent trustee appointed or elected in this case, or in any case related hereto, and shall survive for the benefit of Wells Fargo and the Debtors.

11. The Trustee is authorized, empowered, and directed to take all actions as are reasonably necessary to implement this Order.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.