UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FORMAN HOLT ELIADES & RAVIN LLC
80 Route 4 East, Suite 290
Paramus, NJ 07652
(201) 845-1000
Proposed Attorneys for Charles M. Forman,
Chapter 7 trustee
Harry M. Gutfleish (HG-6483)



FILED
JAMES J. WALDRON, CLERK

APR 25 2011

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

In Re:

THE RUSS COMPANIES, INC., et al.,[1]

Debtors.

Chapter 7
Case No. 11-22471 (DHS)

## INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING <u>A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)</u>

The relief set forth on the following page, numbered two (2) through 45 (forty-five), is hereby **ORDERED.**

April 25, 2011

_D. Steckroth_
USBJ

---

[1] The Debtors are The Russ Companies, Inc., Russ Berrie Company Investments, Inc., Russ Berrie U.S. Gift Inc., The Encore Group, Inc., Russ Berrie and Company Properties, Inc., and Russplus, Inc.

Page 2
Debtors:    The Russ Companies, Inc. *et al.*
Case No:    11-22471 (DHS)
Caption:    **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
            AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
            OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
            OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
            SECURED BASIS, (II) PERMITTING THE USE OF CASH
            COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
            (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
            RULE 4001(c)**

---

Upon the Application for an Order or Orders authorizing the Trustee (a) to operate certain

of the Debtors, (b) to obtain post-petition financing (as described herein, the "Postpetition

Financing"), (c) to retain certain of the Debtors' employees, (d) to pay pre-petition employee

salary, wage, expense reimbursement and other employee obligations, (e) to continue the

Debtors' cash management system and (f) granting related relief (the "Application")[2] filed by

Charles M. Forman, as chapter 7 trustee (the "Trustee") in each of the above-captioned cases

filed by The Russ Companies, Inc., Russ Berrie Company Investments, Inc., Russ Berrie U.S.

Gift Inc., The Encore Group, Inc., Russ Berrie and Company Properties, Inc., and Russplus, Inc.

(each individually, a "Debtor" and collectively, the "Debtors") under chapter 7 of title 11 of the

United States Code (the "Bankruptcy Code"), an interim hearing (the "Interim Hearing") having

been held on April 21, 2011 before this Court (the "Bankruptcy Court"), due and sufficient

notice of the Application and the Interim Hearing having been given; and upon the entire record

made at the Interim Hearing before this Court; and the Court having found good and sufficient

cause appearing therefor,

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Credit Agreement or
Ratification Agreement (as such terms are defined herein).

Page 3
Debtors:      The Russ Companies, Inc. *et al.*
Case No:      11-22471 (DHS)
Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
              AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
              OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
              OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
              SECURED BASIS, (II) PERMITTING THE USE OF CASH
              COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
              (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
              RULE 4001(c)**

THE TRUSTEE STIPULATES AND THE COURT HEREBY FINDS, DETERMINES,
AND CONCLUDES THAT:[3]

A.      Jurisdiction.    The Bankruptcy Court has core jurisdiction over the above-
captioned chapter 7 cases (the "Chapter 7 Cases"), the Application, and the parties and property
affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.   Consideration of the Application
constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(8).

B.      Notice.    Notice of the Application and the Interim Hearing was provided to all
secured creditors, the [twenty (20)] largest unsecured creditors and the United States Trustee,
which constitutes due and sufficient notice thereof pursuant to Rules 2002 and 4001(b) and (c) of
the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C.      Petition Date.    On April 21, 2011 (the "Petition Date"), the Debtors filed
voluntary petitions for relief under chapter 7 of the Bankruptcy Code.  Pursuant to section 721 of
the Bankruptcy Code, the Trustee is authorized to operate the Debtors' business for a short
period of time in order to protect and preserve the assets of the Debtors and permit the Trustee to
liquidate them in the most effective and cost-efficient manner.

---

[3] Findings of fact contained herein shall be construed as conclusions of law, and conclusions of law contained herein
shall be construed as findings of fact.

Page 4

Debtors:    The Russ Companies, Inc. *et al.*
Case No:    11-22471 (DHS)
Caption:    **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)**

---

D.    <u>Prepetition Credit Agreement</u>. Based upon information provided to the Trustee and subject to paragraph 19 herein, the Trustee ratifies, acknowledges, admits, and confirms the following, all as set forth more fully on Schedule 1 hereto:

(a)    Pursuant to that certain Credit and Security Agreement, dated as of December 23, 2008 (as amended, modified, supplemented or restated from time to time, the "<u>Credit Agreement</u>"), by and among each of the Debtors as borrowers, Richard D. Snow and Amran's Distributing Ltd., as guarantors, and Wells Fargo Bank, National Association, acting through its operating division Wells Fargo Capital Finance ("<u>Wells Fargo</u>" or the "<u>Prepetition Lender</u>") as lender, Wells Fargo agreed to provide the Debtors with a revolving line of credit for working capital purposes and to facilitate the issuance of documentary and standby letters of credit, in the maximum aggregate principal amount of $25,000,000. To induce Wells Fargo to extend credit to the Debtors under the Credit Agreement, each Debtor granted to Wells Fargo a lien and security interest (the "<u>Prepetition Liens</u>") in substantially all of its assets, as more fully described in the Credit Agreement (the "<u>Prepetition Collateral</u>"). As of April 21, 2011, the aggregate outstanding indebtedness under the Credit Agreement is $13,006,694.69 (not including prepetition interest accruing since April 1, 2011 and other additional charges and fees accrued

Page 5

Debtors:   The Russ Companies, Inc. *et al.*

Case No:   11-22471 (DHS)

Caption:   **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)**

---

prepetition that are owed to the Prepetition Lender under the Credit Agreement) (the "Prepetition Obligations").

(b)   The Prepetition Liens are (i) valid, binding, perfected, enforceable liens on the Prepetition Collateral and, subject to section 552 of the Bankruptcy Code, all postpetition proceeds, products, offspring, rents and profits thereof, (ii) not subject to avoidance, recharacterization, reduction, disallowance, impairment, or subordination under the Bankruptcy Code or applicable non-bankruptcy law, and (iii) subject and subordinate only to (A) the WF Adequate Protection Liens (as defined below), (B) the Carve-Out (as defined below and to which the WF Adequate Protection Liens and the Kid Adequate Protection Liens (as defined below) are subject), and (C) the Liens (as defined below).

(c)   The Prepetition Obligations constitute legal, valid, and binding obligations of the Debtors, enforceable in accordance with their terms, and no objection, offset, defense, or counterclaim of any kind or nature to the Prepetition Obligations exists. The Prepetition Obligations, and any amounts previously paid to the Prepetition Lender on account thereof or with respect thereto, are not subject to avoidance, recharacterization, reduction, disallowance, impairment, or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law. The Debtors, and the Trustee on behalf of the Debtors, do not have, hereby forever release, and

Page 6
Debtors:    The Russ Companies, Inc. *et al.*
Case No:    11-22471 (DHS)
Caption:    **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

are forever barred from bringing, any claims, counterclaims, causes of action, defenses, or setoff

rights, whether arising under the Bankruptcy Code or otherwise, with respect to the Prepetition

Obligations or against the Prepetition Lender or any of its predecessors in interest, affiliates,

subsidiaries, agents, officers, directors, employees, and attorneys, with respect to the Prepetition

Obligations and any related guarantees.

    (d)    The Prepetition Lender perfected its security interests and Prepetition Liens in and

on the Prepetition Collateral by, among other methods, the filing of UCC-1 financing statements,

instruments filed in federal, state, and county offices, mortgages, and other required documents

against the Debtors and such collateral with the proper federal, state, and county offices for the

perfection of such security interests and Prepetition Liens.

    (e)    Each of the matters set forth in Schedule 1 attached to this Order and made a part

hereof, which Schedule (i) contains provision for the ratification of the Credit Agreement and

other prepetition Loan Documents, (ii) sets forth certain terms under which the Lender is making

the Postpetition Financing available to the Trustee, and (iii) amends certain provisions of the

Credit Agreement.

    E.    <u>Subordinated Prepetition Note</u>.  Pursuant to that certain secured promissory note

dated December 23, 2008 (the "<u>Kid Note</u>"), Kid Brands, Inc. (f/k/a Russ Berrie and Company

Page 7
Debtors:      The Russ Companies, Inc. *et al.*
Case No:      11-22471 (DHS)
Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)**

---

Inc.) ("Kid") asserts that TRC delivered to it a promissory note in the original principal amount of $19,000,000. Kid further asserts that TRC's obligations under the Kid Note are secured by certain collateral more fully described in that certain Subordinated Security Agreement, dated as of December 23, 2008 (the "Subordinated Security Agreement"), by and between Kid and the Debtors. Pursuant to (i) that certain Intercreditor Agreement by and between Wells Fargo and Kid, dated as of December 23, 2008 (the "Intercreditor Agreement") and (ii) the Subordinated Security Agreement, Kid's security interest in the Kid Collateral is subordinated to Wells Fargo's interest in such Kid Collateral.

F.      Cash Collateral. For purposes of this Order, "Cash Collateral" shall have the meaning set forth in section 363(a) of the Bankruptcy Code.

G.      Prepetition Lender's Consent. The Prepetition Lender consents to the Trustee's use of the Cash Collateral and the priming of the Prepetition Liens by the Liens, solely on the terms and conditions set forth in this Order, and in accordance with the budget attached hereto as Exhibit 2 (the "Budget"). The adequate protection provided herein and other benefits and privileges contained herein are consistent with and authorized by the Bankruptcy Code and are necessary in order to obtain such consent.

Page 8
Debtors:      The Russ Companies, Inc. *et al.*
Case No:      11-22471 (DHS)
Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

H.      <u>Findings Regarding the Use of Cash Collateral.</u>

(a)     Good cause has been shown for the entry of this Interim Order. The Trustee has an immediate and critical need to use the Cash Collateral in order to continue to operate the Debtors' business for a short period of time in order to protect and preserve the assets of the Debtors and permit the Trustee to liquidate them in the most effective and cost-efficient manner. The Trustee's use of Cash Collateral has been deemed sufficient to meet the Trustee's immediate liquidity needs, subject to the terms of this Order, and all other agreements, documents, notes, or instruments delivered pursuant hereto or thereto or in connection herewith or therewith, including, without limitation, the Budget.

(b)     The ability of the Trustee to have sufficient available sources of working capital to continue the Debtors' business and maximize the value of the assets depends upon the Trustee's use of Cash Collateral. The Trustee has requested that the Prepetition Lender consent to (i) the Trustee's use of Cash Collateral, solely in accordance with the terms of this Order and the Budget, and (ii) the priming of the Prepetition Liens on the Prepetition Collateral to the extent provided herein. The Prepetition Lender is willing to provide such financial accommodations on a superpriority and secured basis, as more particularly described herein.

Page 9
Debtors:    The Russ Companies, Inc. *et al.*
Case No:    11-22471 (DHS)
Caption:    **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

(c)     Based on the record presented to the Court at the Interim Hearing, good, adequate, and sufficient cause has been shown to justify the immediate grant of the relief requested in the Application to avoid irreparable harm to the estate. The terms of the Trustee's use of the Cash Collateral, as more fully set forth herein, are (i) fair and reasonable, (ii) reflect the Trustee's prudent exercise of business judgment consistent with its fiduciary duties, (iii) constitute reasonably equivalent value and fair consideration for the Prepetition Lender's consent thereto, and (iv) are essential and appropriate under the circumstances of these Chapter 7 Cases. Entry of this Order is therefore in the best interests of the estate and all parties in interest in these cases.

I.     Necessity for Postpetition Financing.

(a)     Good cause has been shown for the entry of this Order.

(b)     The Trustee has an immediate need to obtain postpetition financing to avoid irreparable harm to the estate. Obtaining postpetition financing is in the best interests of the estate.

(c)     The Trustee is unable to obtain (i) adequate unsecured credit allowable under sections 503(b)(1) or 364(c)(1) of the Bankruptcy Code, as an administrative expense or (ii) secured credit allowable only under sections 364(c)(2) or 364(c)(3) of the Bankruptcy Code, without granting to the Lender the Superpriority Claim (as defined below) and the Liens.

Page 10
Debtors:     The Russ Companies, Inc. *et al.*
Case No:     11-22471 (DHS)
Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)**

---

J.      Reasonable Terms; Good Faith.

(a)      The terms of the proposed postpetition financing (the "Postpetition Financing") and use of Cash Collateral are fair and reasonable, are supported by reasonably equivalent value and fair consideration, and reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties to the estates.

(b)      The Postpetition Financing and the terms of use of the Cash Collateral have been negotiated in good faith and at arm's-length.

(c)      All of the indebtedness and other obligations to the Lender (the "Trustee Obligations") arising under the terms and conditions of the Credit Agreement, as deemed amended and modified pursuant to this Order and all related guaranty, security and other agreements, documents, notes and instruments together with all exhibits, schedules, annexes and appendices thereto, delivered pursuant hereto or thereto, or in connection herewith or therewith (collectively, the "Trustee Loan Documents") shall be deemed to have been extended by the Lender in good faith, as that term is used in section 364(e) of the Bankruptcy Code. The Trustee Obligations and the Prepetition Obligations together are referred to as the "Obligations."

K.      Protections of Section 364(e) of the Bankruptcy Code. All of the credit extended pursuant to the Trustee Loan Documents (including all of the Trustee Obligations) after entry of

Page 11
Debtors:     The Russ Companies, Inc. *et al.*
Case No:     11-22471 (DHS)
Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE  FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

this Order was extended by the Lender in good faith and in express reliance upon the protections

afforded to postpetition lenders under section 364(e) of the Bankruptcy Code, and accordingly,

all of the Trustee Obligations shall be entitled to the full protections of section 364(e) of the

Bankruptcy Code in the event this Order or any provision hereof is vacated, reversed, or

modified (including pursuant to a final order on the Trustee's request for approval of the

Postpetition Financing) (the "Final Order") entered after a final hearing (the "Final Hearing"),

whether on appeal or otherwise.  Upon execution and delivery of the Trustee Loan Documents,

they shall constitute valid and binding obligations of the Trustee, enforceable against the Trustee

in accordance with the terms of the Trustee Loan Documents, this Order, and section 364(e) of

the Bankruptcy Code.

The Prepetition Lender is permitting the use of its Cash Collateral and the priming of its

Prepetition Liens in good faith and in express reliance upon the protections afforded to

prepetition lenders pursuant to section 364(e) of the Bankruptcy Code and, accordingly, shall be

entitled to the full protections of section 364(e) of the Bankruptcy Code in the event this Order or

any provision hereof is vacated, reversed, or modified (including pursuant to a Final Order on the

Trustee's request for approval of the Postpetition Financing entered after a Final Hearing).

Page 12
Debtors:    The Russ Companies, Inc. *et al.*
Case No:    11-22471 (DHS)
Caption:    **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)**

---

IT IS HEREBY ORDERED, ADJUDGED AND DECREED EFFECTIVE IMMEDIATELY, AND AGREED AMONG THE PARTIES, THAT:

1.      <u>Authorization to Use Cash Collateral</u>. Subject to the terms and conditions set forth in this Order and the Trustee Loan Documents (including, without limitation, the WF Adequate Protection Obligations and the WF Adequate Protection Liens provided herein), upon entry of this Order, the Trustee is authorized, pursuant to section 363(c)(2)(B) of the Bankruptcy Code, to use the Cash Collateral and the proceeds of the Postpetition Financing solely and exclusively for the disbursements set forth in the Budget, for the period of time from the date hereof, until the earliest to occur of (a) the date that this Order or the Final Order (as and when applicable) ceases to be in full force and effect, or (b) the occurrence of the Termination Date in accordance with Paragraph 13 hereof, at which time (i) all accrued interest and fees and all other WF Adequate Protection Obligations shall, in each instance, be immediately due and payable, (ii) the Prepetition Lender shall have all other rights and remedies provided in this Order and under applicable law, and (iii) the Trustee's authority to use the Cash Collateral shall automatically terminate without further order or relief from the Court. Notwithstanding anything herein to the contrary, all of the rights, remedies, benefits, and protections provided to the Prepetition Lender under this Order shall survive the Termination Date. Wells Fargo and the Trustee, on behalf of

Page 13
Debtors:     The Russ Companies, Inc. *et al.*
Case No:     11-22471 (DHS)
Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

the Debtors, may at any ~~time modify and amend the~~ Budget ~~without further approval of the~~ *[handwritten: time submit an amended]* *[handwritten: to be considered by the Court at a hearing scheduled not less 3 days' notice to kid.]*

~~Bankruptcy Court, provided that~~ the Budget may not be amended absent the consent of Wells

Fargo.

2.   <u>Limitations on Use of Cash Collateral</u>.  Subject to the terms and conditions of this

Order, the Prepetition Lender is willing to consent to the Trustee's use of Cash Collateral in

accordance with the Budget; <u>provided</u> that the Trustee's use of Cash Collateral shall be limited

as follows: (i) until such time as the Obligations have been paid and satisfied in full, the proceeds

of the accounts receivable shall continue to be received and processed in accordance with the

Credit Agreement; and (ii) no Cash Collateral shall be utilized for the payment of professional

fees, disbursements, costs, or expenses incurred in connection with (x) asserting or preparing for

any claims or causes of action against the Prepetition Lender or the Lender, (y) challenging or

raising any defenses to the Trustee Obligations, the WF Adequate Protection Obligations, the

Prepetition Obligations, or the advances or other obligations under the Postpetition Financing, or

(z) taking, preparing for, or encouraging any other party to take any action reasonably construed

as adverse to the Lender or the Prepetition Lender.

Page 14
Debtors:      The Russ Companies, Inc. *et al.*
Case No:     11-22471 (DHS)
Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

3.      Adequate Protection Obligations.

(a)      Pursuant to sections 361, 363(e), and 364(c)(1) and (d)(1)(B) of the Bankruptcy

Code the Prepetition Lender is entitled to adequate protection of its interest in the Prepetition

Collateral, including the Cash Collateral (the "WF Adequate Protection Obligations").  For

purposes hereof, the "WF Adequate Protection Obligations" shall include an amount for and

equal to the amount of the aggregate diminution in the value of the Prepetition Lender's interests

in the Prepetition Collateral, including any such diminution resulting from (a) the use of Cash

Collateral (expressly including, among other things, the aggregate amount of the Cash Collateral

used by the Trustee from and after the Petition Date), (b) the sale, lease, or use by the Trustee (or

other decline in value) of the Prepetition Collateral, and (c) the imposition of the automatic stay

under section 362 of the Bankruptcy Code.

(b)      Without acknowledging or admitting that Kid's interests in the Kid Collateral are

not or may not be adequately protected to the extent required by the Bankruptcy Code, Kid may

be entitled to adequate protection of its interest in the Kid Collateral, (the "Kid Adequate

Protection Obligations"), subordinate to the WF Adequate Protection Obligations.  For purposes

hereof, the "Kid Adequate Protection Obligations" shall be limited to the adequate protection

required under section 361(2) of the Bankruptcy Code.  Nothing in this Order is intended or shall

Page 15
Debtors:      The Russ Companies, Inc. *et al.*
Case No:      11-22471 (DHS)
Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)**

---

be interpreted to ratify or otherwise validate Kid's subordinated prepetition interest in the Kid Collateral or to limit the Trustee's ability to challenge such interests or Kid's entitlement to adequate protection.

4.    Authorization of Trustee Loan Documents, Trustee Obligations and Postpetition Financing.

(a)    The Trustee is hereby authorized on an interim basis to incur the Postpetition Financing and to borrow monies from the Lender up to an aggregate principal amount of $25,000,000 in accordance with the terms of this Order and the Trustee Loan Documents. Such funds shall only be used for purposes permitted or prescribed under the Trustee Loan Documents, the Budget and this Order. Wells Fargo agrees to make Postpetition Advances available to the Trustee subject to the terms and conditions of this Order and the Trustee Loan Documents and in accordance with the Budget.

(b)    As of each period end the outstanding principal balance under the Trustee Loan Documents shall not exceed:

| Period Ending | Maximum Loan Balance |
| --- | --- |
| 5/6/11 | $14,000,000 |
| 5/20/11 | $12,750,000 |
| 6/3/11 | $8,100,000 |
| 6/17/11 | $6,600,000 |
| 7/1/11 | $4,700,000 |

Page 16
Debtors:     The Russ Companies, Inc. *et al.*
Case No:     11-22471 (DHS)
Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

| | |
|---|---|
| 7/15/11 | $4,400,000 |
| 7/29/11 | $150,000 |
| 8/12/11 | $100,000 |
| 8/26/11 | $0 |

(c)    The Trustee is expressly authorized and directed to do and perform all acts and to make, execute, and deliver all instruments and documents as may be reasonably required by the Trustee Loan Documents (including, without limitation, the execution or recordation of security agreements, control agreements, mortgages and financing statements).

(d)    The Trustee is authorized to execute and deliver amendments to the Trustee Loan Documents as may be agreed by the parties thereto. Any such amendment shall become effective five (5) days after copies of all such amendments are filed with the Court and served upon the counsel to the United States Trustee and all persons who properly filed notices of appearances and requests for service pursuant to Bankruptcy Rule 2002.

(e)    The terms of the Credit Agreement, as modified by this Order, and the terms of (i) that certain Continuing Guaranty, dated December 23, 2008 (the "Snow Guaranty"), executed by Richard D. Snow in favor of Wells Fargo relative to the obligations of the Debtors under the Credit Agreement, (ii) that certain General Security Agreement, dated December 23, 2008 (the "Amram's Agreement"), executed by Amram's Distributing Ltd. ("Amram's") in favor of Wells Fargo relative to the obligations of the Debtors under the Credit Agreement, and (iii) those

Page 17
Debtors:     The Russ Companies, Inc. *et al.*
Case No:    11-22471 (DHS)
Caption:    **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

certain, separate Subordination Agreements of Eldridge C. Hanes and Chengteh Chinaware Co.,

each dated as of December 23, 2008 (each, a "Subordination Agreement"), are each continuing

and in full force and effect. Nothing in this Order shall affect or modify the parties' rights and

obligations under the Snow Guaranty, the Amran's Agreement and/or the Subordination

Agreements.

5.      Conditions to Lending.   The Lender's obligation to fund the Postpetition

Financing is conditioned upon approval of this Order, in form and substance acceptable to Wells

Fargo in its sole discretion.

6.      Superpriority Claims.

(a)      For all of the Trustee Obligations, the Lender is hereby granted, pursuant to

section 364(c)(1) of the Bankruptcy Code, an allowed superpriority administrative expense claim

(collectively, the "Superpriority Claim"), which allowed superpriority claim shall be payable

from and have recourse to all prepetition and postpetition property of the estates and the

proceeds thereof (but excluding avoidance actions under sections 542, 544, 545, 547, 548, 550,

551 or 553 of the Bankruptcy Code (the "Avoidance Actions") and any recoveries therefrom (the

"Avoidance Action Recoveries")), with priority over any and all administrative expenses, claims

for adequate protection, and all other claims against the Debtors, now existing or hereafter

Page 18
Debtors:        The Russ Companies, Inc. *et al.*
Case No:        11-22471 (DHS)
Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

arising (whether or not such expenses or claims may become secured by a judgment lien or other
non-consensual lien, levy or attachment), including, without limitation, all administrative
expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code (if any),
and over any and all administrative expenses or other claims arising under sections 105, 326, 328,
330, 331, 365, 502(b), 506(c), 507(a), 546, and 726 of the Bankruptcy Code and including
administrative expenses arising under or out of any superseding case under chapter 11 of the
Bankruptcy Code or any other proceeding related hereto or thereto, subject only to payment of
the Carve-Out (as defined herein).

(b)        The Prepetition Lender is hereby granted in each of the Debtors' Chapter 7 Cases
an allowed, superpriority administrative expense claim (the "Cash Collateral Superpriority
Claim") under section 507(b) of the Bankruptcy Code with respect to all WF Adequate
Protection Obligations.    The Cash Collateral Superpriority Claim shall have priority over all
administrative expenses of the kind specified in, or ordered pursuant to, any provision of the
Bankruptcy Code, including, without limitation, those specified in, or ordered pursuant to,
sections 105, 326, 328, 330, 503(b), 506(c), 507(a), 507(b), 546(c), and 726 of the Bankruptcy
Code, or otherwise (whether incurred in any of the Chapter 7 Cases or any other proceeding
related hereto or thereto), which Cash Collateral Superpriority Claims shall be payable from and

Page 19
Debtors:    The Russ Companies, Inc. *et al.*
Case No:    11-22471 (DHS)
Caption:    **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

have recourse to all prepetition and postpetition property of the Debtors and all proceeds thereof

(other than the Avoidance Actions and the Avoidance Action Recoveries). The Cash Collateral

Superpriority Claim shall be subject and subordinate only to the Superpriority Claim and the

Carve-Out.

7.    <u>Liens</u>.

(a)    In accordance with section 364(d)(1) of the Bankruptcy Code, as security for the

Trustee Obligations, deemed effective and perfected as of the Petition Date and without the

necessity of the Trustee or the Lender incurring the expense for the execution, recordation of

filings of mortgages, security agreements, control agreements, pledge agreements, financing

statements or other similar documents, or possession or control of applicable assets, the Lender

shall be granted a valid, perfected, priming, first-priority senior security interest in and liens on

all of the Debtors' now owned and hereafter acquired, created or arising Collateral (as defined

below) subject to the payment of the Carve-Out (all such liens and security interests granted to

the Lender pursuant to this Order and the Trustee Loan Documents, the "<u>Liens</u>"). For purposes

hereof, "<u>Collateral</u>" is defined as all assets and property included in the Debtors' estates,

including without limitation, all present and future accounts, deposit accounts (including, without

limitation, any deposit accounts opened by the Trustee, wherever located), chattel paper,

Page 20
Debtors:     The Russ Companies, Inc. *et al.*
Case No:     11-22471 (DHS)
Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

equipment, documents, general intangibles, held items, investment property, instruments, inventory, items of payment, proceeds, products, Real Property, interests in Real Property, records and all other Collateral as set forth in the Trustee Loan Documents (other than the Avoidance Actions and the Avoidance Action Recoveries). Notwithstanding the foregoing, any Liens with respect to the equity of foreign-owned subsidiaries shall be limited to 65% of the ownership interest in such subsidiaries. The Liens shall extend and attach to all Collateral and any proceeds of Collateral which is presently in existence or hereafter acquired (whether acquired prior to or subsequent to the Petition Date) and which is owned by the Debtors or in which Debtors have any interest, whether held by the Trustee or by others for any of the Debtors' account, wherever located.

(b)     To secure the WF Adequate Protection Obligations, deemed effective and perfected as of the Petition Date and without the necessity of the Trustee or the Prepetition Lender incurring the expense for the execution, recordation of filings of mortgages, security agreements, control agreements, pledge agreements, financing statements or other similar documents, or possession or control of applicable assets, the Prepetition Lender shall be granted a valid, perfected security interest in and replacement lien on all of the Collateral subject only to the Liens and the Carve-Out (all such liens and security interests granted to the Prepetition

Page 21

Debtors:    The Russ Companies, Inc. *et al.*

Case No:    11-22471 (DHS)

Caption:    **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)**

---

Lender pursuant to this Order, the "<u>WF Adequate Protection Liens</u>"). The WF Adequate Protection Liens shall extend and attach to all Collateral and any proceeds of Collateral which is presently in existence or hereafter acquired (whether acquired prior to or subsequent to the Petition Date) and which is owned by the Trustee, the Debtors or in which Debtors have any interest, whether held by the Trustee or by others for any of the Debtors' account, wherever located, to the same extent as the Liens.

(c)    Without acknowledging or admitting that Kid's interests in the Kid Collateral are not or may not be adequately protected to the extent required by the Bankruptcy Code and solely to the extent required by section 361(2) of the Bankruptcy Code, Kid shall be granted a security interest in and replacement lien on the Kid Collateral subject to the Liens, the WF Adequate Protection Lien and the Carve-Out (all such liens and security interests granted to Kid pursuant to this Order, the "<u>Kid Adequate Protection Liens</u>"). The grant of the Kid Adequate Protection Liens in this paragraph is not intended and shall not be interpreted to ratify or otherwise validate Kid's subordinated prepetition interest in the Kid Collateral or to limit the Trustee's ability to challenge such interests or Kid's entitlement to adequate protection. Eldridge Hanes asserts a secured claim of $500,000 and an interest in the Debtors' collateral assets that is pari passu with Kid. Mr. Hanes is granted the same rights granted to Kid in this paragraph and all of the Trustee's rights and reservations are preserved.

Page 22
Debtors:        The Russ Companies, Inc. *et al.*
Case No:        11-22471 (DHS)
Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

8.      <u>Automatic Stay; Remedies.</u>

(a)     Upon the occurrence of an Event of Default under the Trustee Loan
Documents and upon three (3) days' prior written notice to the Trustee, all stays and injunctions
in the Chapter 7 Cases, including, but not limited to, the automatic stay arising under
section 362(a) of the Bankruptcy Code, will be terminated as to the Lender and the Prepetition
Lender, thereby permitting the Lender and the Prepetition Lender, as applicable, to enforce their
remedies against the Collateral, without further order of the Bankruptcy Court and without the
need for filing any motion for relief from the automatic stay or any other pleading in order to,
*inter alia*,

(i)     Declare the Postpetition Financing to be terminated, whereupon
the Postpetition Financing and all rights of the Trustee, on behalf
of the Debtors to borrow under the Trustee Loan Documents, shall
forthwith terminate;

(ii)    Declare the Trustee Obligations to be forthwith due and payable,
whereupon all Obligations shall become and be forthwith due and
payable, without presentment, notice of dishonor, protest or further
notice of any kind, all of which the Trustee hereby expressly
waives;

(iii)   Declare the Trustee's right to use Cash Collateral to be terminated,
where upon the same shall forthwith terminate, and the Trustee
will immediately turn over to Lender any funds held in any deposit
accounts; <u>provided</u> that (i) with the written agreement of the
Lender or (ii) pursuant to an order of the Bankruptcy Court upon

Page 23
Debtors:        The Russ Companies, Inc. *et al.*
Case No:        11-22471 (DHS)
Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)**

---

emergency motion and upon no less than three (3) full business days' notice to Lender and the Prepetition Lender, the Trustee may use only that amount of Cash Collateral necessary to preserve and protect the Collateral for a period not to exceed five (5) days or such additional period of time to which Lender agrees in its sole discretion; and

(iv)    Charge the applicable default rate of interest on all Obligations.

(b)    Notwithstanding anything herein to the contrary, and notwithstanding the applicability of section 362 of the Bankruptcy Code (to the extent necessary to exercise such remedies, relief from automatic stay shall be deemed granted), upon notice of breach to the Trustee and the Trustee's failure to cure any such breach within three (3) days after receipt of such notice, the Lender and the Prepetition Lender shall also be entitled to immediately exercise any of the following rights and remedies without further order of the Bankruptcy Court and without the need for filing any motion for relief from the automatic stay or any other pleading in order that:

(i)     The Lender may apply any and all money owing by the Lender to the Trustee to the payment of the Obligations, in the Lender's sole discretion;

(ii)    The Lender may exercise and enforce any and all rights and remedies available upon default to a secured party under the UCC, including the right to take possession of Collateral, or any evidence thereof, proceeding without judicial process or by judicial process, and the right to sell, lease or otherwise dispose of any or all of the

Page 24
Debtors:      The Russ Companies, Inc. *et al.*
Case No:      11-22471 (DHS)
Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)**

Collateral (with or without giving any warranties as to the Collateral, title to the Collateral or similar warranties), and, in connection therewith, the Trustee will (i) immediately turn over to Lender any funds held in any deposit accounts opened or utilized by the Trustee and (ii) on demand and no later than one (1) business day after such demand, assemble the Collateral (other than the deposit accounts) and make it available to the Lender at a place to be designated by the Lender;

(iii)    The Lender may exercise and enforce its rights and remedies under the Trustee Loan Documents;

(iv)    The Lender may without regard to any waste, adequacy of the security or solvency of the Loan Parties, apply for the appointment of a receiver of the Collateral, to which appointment the Trustee hereby consents, whether or not foreclosure proceedings have been commenced under the Trustee Loan Documents and whether or not a foreclosure sale has occurred;

(v)    The Lender may exercise any other rights and remedies available to it by law or agreement; and/or

(vi)    If the Lender sells any of the Collateral on credit, the Obligations will be reduced only to the extent of payments actually received. If the purchaser fails to pay for the Collateral, the Lender may resell the Collateral and shall apply any proceeds actually received to the Obligations.

(c)    The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary to permit or effectuate the terms of this Interim Order and the documents evidencing the Trustee Obligations, including, without limitation, to permit the execution and recordation of documents in the Lender's and Prepetition Lender's, as

Page 25

| | |
|---|---|
| Debtors: | The Russ Companies, Inc. *et al.* |
| Case No: | 11-22471 (DHS) |
| Caption: | **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)** |

---

applicable, discretion to evidence the creation and perfection of the Lender's and Prepetition Lender's liens on the Collateral.

9.    Use of Proceeds; Bank Accounts.

(a)    The Trustee shall use the proceeds of the Postpetition Financing obtained under the Trustee Loan Documents solely in accordance with and subject to the conditions set forth in this Order, the Trustee Loan Documents and the Budget.  Nothing in this Order shall be construed to require the Lender to make advances or extensions of credit or other financial accommodations to permit the Trustee to make any payments, except to the extent expressly provided for in this Order and the Trustee Loan Documents.

(b)    Any proceeds of the sale, lease, or other disposition of the Collateral shall be used in accordance with the provisions of this Order and the Trustee Loan Documents.  To the extent such proceeds are applied to reduce the Trustee Obligations, they shall be applied in payment of the obligations under, and in the manner provided in, the Trustee Loan Documents, and the Trustee is deemed to have irrevocably waived any right to direct the manner of application of any payments to the Lender or any other receipts by the Lender of proceeds of any of the Collateral, including all of the Lender's cash collateral, other than as expressly set forth in this Order and the Trustee Loan Documents.

Page 26
Debtors:     The Russ Companies, Inc. *et al.*
Case No:     11-22471 (DHS)
Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

(c)     Any proceeds of the sale, lease, or other disposition of the Prepetition Collateral

shall be applied first to payment of the Prepetition Obligations until paid in full, and then to the

outstanding balance of the Trustee Obligations.    Any proceeds of the sale, lease, or other

disposition of the Collateral shall be applied first to payment of the Trustee Obligations until

paid in full, and then to the outstanding balance of the Prepetition Obligations.

10.     Perfection of Liens and Replacement Liens.

(a)     This Order shall be sufficient and conclusive evidence of the validity, perfection,

and priority of the Liens, and the WF Adequate Protection Liens and the Kid Adequate

Protection Liens, without the necessity of filing or recording any financing statement, leasehold

mortgage, or other instrument or document which may otherwise be required under the law of

any jurisdiction or the taking of any other action to validate or perfect such liens or security

interests in the Collateral or to entitle the Lender and the Prepetition Lender to the priorities

granted herein. The automatic stay imposed by section 362 hereby is modified to permit, but not

require, the Lender and the Prepetition Lender to file or record financing statements, trademark

filings, copyright filings, mortgages, leasehold mortgages, notices of lien or similar instruments

in any jurisdiction, or take possession or control of collateral, or take any other action in order to

validate and perfect the liens and security interests granted to it hereunder.  Whether or not the

Debtors:      The Russ Companies, Inc. *et al.*
Case No:     11-22471 (DHS)
Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE  FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

Lender or the Prepetition Lender shall, each in its sole discretion, choose to file such financing statements, trademark filings, copyright filings, mortgages, leasehold mortgages, notices of lien or similar instruments, or take possession or control of collateral, or otherwise confirm perfection of the liens and security interests granted to it hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination, at the time and on the date of entry of this Order.  Upon the request of the Lender or the Prepetition Lender, the Trustee, without any further consent of any party or further order of this Bankruptcy Court, is authorized to take, execute and deliver such instruments and agreements (including, without limitation, delivery of control agreements and possessory collateral) to enable the Lender and the Prepetition Lender or Kid, as applicable, to further validate, perfect, preserve, and enforce the Liens, WF Adequate Protection Liens and the Kid Adequate Protection Liens.

(b)     A certified copy of this Order may, in the discretion of the Lender or the Prepetition Lender, be filed with or recorded in filing or recording offices in addition to or in lieu of any financing statements, mortgages, leasehold mortgages, notices of lien or similar instruments, and all filing offices are hereby authorized and directed to accept such certified copy of this Order for filing and recording.

Page 28
Debtors:        The Russ Companies, Inc. *et al.*
Case No:        11-22471 (DHS)
Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
                AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
                OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
                OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
                SECURED BASIS, (II) PERMITTING THE USE OF CASH
                COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
                (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
                RULE 4001(c)**

---

(c)      Upon a Termination Event as provided in paragraph 13 hereof, a certified copy of

this Order may, in the discretion of the Lender or the Prepetition Lender, be presented to any

bank or other party having possession or control over the Collateral, including, without limitation,

any deposit accounts, and such bank or other party is hereby authorized and directed to turn over

such Collateral to the Lender or the Prepetition Lender, as applicable.

11.    <u>Preservation of Rights Granted Under This Order.</u>

(a)      Other than the Carve-Out, and with respect to the Liens and the WF Adequate

Protection Liens, no claim or lien having a priority superior to or *pari passu* with those granted

by this Order to the Lender or the Prepetition Lender shall be granted or allowed while any

portion of the Trustee Obligations remains outstanding, and the Liens and the WF Adequate

Protection Liens shall not be subordinated to or made *pari passu* with any other lien or security

interest, whether under section 364(d) of the Bankruptcy Code or otherwise.

(b)      Unless all of the Obligations shall have been indefeasibly paid in full, the Trustee

shall not, and shall not seek to, (i) in any way prime or otherwise adversely affect the liens

granted under this Order by offering a subsequent lender or a party in interest a superior or *pari

passu* lien or claim pursuant to section 364(c)(1), 364(d), or 507(b) of the Bankruptcy Code or

Page 29
Debtors:      The Russ Companies, Inc. *et al.*
Case No:      11-22471 (DHS)
Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
              AND 721, AND RULES 2002, 4001, AND 9014 OF THE  FEDERAL RULES
              OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
              OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
              SECURED BASIS, (II) PERMITTING THE USE OF CASH
              COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
              (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
              RULE 4001(c)**

---

otherwise, (ii) in any way grant junior encumbrances on any Collateral, or (iii) otherwise

encumber otherwise unencumbered assets or estate property.

(c)      Unless all of the Obligations shall have been indefeasibly paid in full, the Trustee

shall not seek, and it shall constitute an Event of Default if the Trustee seeks, or if there are

entered, any modifications or extensions of this Order without the prior written consent of the

Lender and the Prepetition Lender, and no such consent shall be implied by any other action,

inaction or acquiescence by the Lender and the Prepetition Lender.

(d)      If any or all of the provisions of this Order are hereafter reversed, modified,

vacated, or stayed, such reversal, stay, modification, or vacation shall not affect (i) the validity of

any of the Trustee Obligations or WF Adequate Protection Obligations incurred prior to the

actual receipt of written notice of the effective date of such reversal, stay, modification, or

vacation or (ii) the validity or enforceability of any lien or priority authorized or created hereby

with respect to any of the Trustee Obligations or the WF Adequate Protection Obligations.

Notwithstanding any such reversal, stay, modification or vacation, any use of the Postpetition

Financing, the WF Adequate Protection Obligations or other Trustee Obligations by the Trustee

prior to the actual receipt of written notice of the effective date of such reversal, stay,

modification, or vacation shall be governed in all respects by the original provisions of this Order,

Page 30

| | |
|---|---|
| Debtors: | The Russ Companies, Inc. *et al.* |
| Case No: | 11-22471 (DHS) |
| Caption: | **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) PERMITTING THE USE OF CASH COLLATERAL, (III) GRANTING INTERIM RELIEF, AND (IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(c)** |

and the Lender and the Prepetition Lender shall be entitled to all the rights, remedies, privileges, and benefits granted by section 364(e) of the Bankruptcy Code, this Order, and the Trustee Loan Documents with respect to all Trustee Obligations and WF Adequate Protection Obligations, as applicable.

(e)     Except as expressly provided in this Order or in the Trustee Loan Documents or as agreed in writing by the Lender or the Prepetition Lender, the Liens, the WF Adequate Protection Liens, the Superpriority Claim, the Cash Collateral Superpriority Claim, and all other rights and remedies of the Lender and the Prepetition Lender granted by the provisions of this Order and the Trustee Loan Documents shall survive, and shall not be modified, impaired, or discharged by the dismissal or conversion of any of the Chapter 7 Cases.   The terms and provisions of this Order and the Trustee Loan Documents shall continue in the Chapter 7 Cases, in any successor cases if any of the Chapter 7 Cases cease to be jointly administered, or in any superseding case under the Bankruptcy Code, and the Liens, the WF Adequate Protection Liens, the Superpriority Claim, Cash Collateral Superpriority Claim, and all other rights and remedies of the Lender and the Prepetition Lender ⌐and Kid granted by the provisions of this Order and the Trustee Loan Documents shall continue in full force and effect until the Obligations are indefeasibly paid in full.

Page 31
Debtors:    The Russ Companies, Inc. *et al.*
Case No:    11-22471 (DHS)
Caption:    **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

12.    <u>Limitation on Use of Financing Proceeds and Collateral</u>.    Notwithstanding

anything herein or in any other order of the Bankruptcy Court to the contrary, no borrowings

under the Trustee Loan Documents, and none of the Collateral (including cash and cash

equivalents and cash collateral) or the Carve-Out, may be used to (i) object, contest, or raise any

defense to, the validity, perfection, priority, extent, or enforceability of any amount due under the

Trustee Loan Documents, the liens or claims granted under this Order or the Trustee Loan

Documents, the Prepetition Liens or the claims or obligations granted under the Prepetition

Obligations and related guarantees, (ii) assert any claims, counterclaims, defenses, causes of

action, objections, or contests (including, without limitation, any claims or causes of action

arising under chapter 5 of the Bankruptcy Code) against the Lender, the Prepetition Lender or

any of their respective agents, affiliates, representatives, attorneys or advisors, or (iii) seek to

modify or otherwise impair any of the rights granted to the Lender or the Prepetition Lender

hereunder or under the Trustee Loan Documents.

13.    <u>Termination</u>.    The ability of the Trustee to use the Cash Collateral and the

agreement by the Lender to make the Postpetition Financing available to the Trustee under the

Trustee Loan Documents pursuant to the terms of this Order shall continue until the earliest of

(i) the entry of the Final Order, (ii) May 13, 2011, if the Final Order has not been entered by that

Page 32

Debtors:       The Russ Companies, Inc. *et al.*

Case No:      11-22471 (DHS)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

date, (iii) June 7, 2011, which date may be extended solely at the option of the Lender in writing,

without the need for any further Court approval or as otherwise set forth in the Trustee Loan

Documents, (iv) the date of the acceleration of any outstanding extensions of credit under the

Trustee Loan Documents, or (v) the occurrence of an Event of Default under the Trustee Loan

Documents (such earliest date, the "Termination Date").  As used herein, an "Event of Default"

under the Trustee Loan Documents shall occur upon the occurrence of, *inter alia*, any of the

following events, with no cure period, without the prior written consent of Lender:

(a)     Default in the payment of any amount owed by the Loan Parties to
Lender as such Indebtedness becomes due and payable pursuant to
the terms of the Postpetition Financing;

(b)     The failure to comply with or default in the performance of any
term, covenant or agreement contained in or contemplated by the
Trustee Loan Documents, including, without limitation, the Budget,
the Financing Orders, or any documents executed in connection
with any of the foregoing;

(c)     Except as otherwise permitted or agreed to in writing by the
Lender, any ownership interest in estate assets shall be sold or
transferred in any transaction other than a Sale Transaction, or
shall become subject to a Lien;

(d)     The filing by any of the Loan Parties of any motion or proceeding
that could reasonably be expected to result in impairment of the
Lender's rights hereunder, including any motion to surcharge the
Lender or the Collateral under 11 U.S.C. § 506(c) or otherwise;

Page 33
Debtors:      The Russ Companies, Inc. *et al.*
Case No:      11-22471 (DHS)
Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE  FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

(e)     The filing of a motion by any of the Loan Parties for entry of an
order staying or otherwise prohibiting the prosecution of any
enforcement action or, except as provided in paragraph 19 herein,
any motion or pleading seeking to challenge or invalidate the
Lender's or the Prepetition Lender's Liens or otherwise
commencing any cause of action against the Lender or the
Prepetition Lender;

(f)     The Final Order has not been entered by the Bankruptcy Court on
or before May 13, 2011;

(g)     ~~Any representation or warranty made by any Loan Party in the
Trustee Loan Documents, by any Guarantor in any Guaranty
delivered to the Lender, or by any Loan Party (or any of its
Officers) or any Guarantor in any agreement, certificate,
instrument or financial statement or other statement contemplated
by or made or delivered pursuant to or in connection with the
Trustee Loan Documents or any such Guaranty shall be incorrect
in any material respect;~~

(h)     The rendering against any Debtor or the Trustee of an arbitration
award, a final judgment, decree, or order for the payment of money
in excess of $25,000 or a postpetition lien on any of the Collateral
and the continuance of such arbitration award, judgment, decree, or
order unsatisfied and in effect for any period of ten (10)
consecutive days without a stay of execution;

(i)     Trustee's failure to (i) pay postpetition obligations when due, after
giving effect to any applicable grace period, (ii) be insured by a
United States Trustee's bond in an amount satisfactory to Lender
in its sole discretion, (iii) comply with the variances set forth in
Exhibit 2 hereto, and (iv) adhere to the following milestones: (x)
hold an auction for the Debtors' assets on or before May 27, 2011
or (y) on or before June 7, 2011, obtain approval from the Lender

Page 34
Debtors:      The Russ Companies, Inc. *et al.*
Case No:      11-22471 (DHS)
Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

of a liquidation plan for the Debtors' inventory, which approval
may be granted in Wells Fargo's sole discretion;

(j)    A Change of Control occurs with respect to any Loan Party; *other than Amran*

(k)    Any Guarantor shall repudiate, purport to revoke, or fail to perform
any obligation under such Guaranty in favor of the Lender or any
Guarantor shall cease to exist;

(l)    The Lender believes in good faith that there has occurred any
material adverse change in the business or financial condition of a
Loan Party *since the Petition Date.*

(m)    Any impairment of the Collateral or the termination of any state or
federal license or authorization or contract;

(n)    The Trustee (except following the Lender's prior written request or
with the Lender's express prior written consent, which consent
shall not be implied from any other action, inaction, or
acquiescence of the Lender) shall file a motion with the
Bankruptcy Court or any other court with jurisdiction in the matter
seeking an order, or an order is otherwise entered, modifying,
reversing, revoking, staying, rescinding, vacating, or amending the
Financing Orders or any of the Loan Documents;

(o)    The Trustee shall file any motion or application, or the Bankruptcy
Court grants the motion or application of any other Person, which
seeks approval for or allowance of any claim, lien, security interest
ranking equal or senior in priority to the claims, liens and security
interests granted to the Prepetition Lender or the Lender under the
Financing Orders or the Trustee Loan Documents or any such
equal or prior claim, lien, or security interest shall be established in
any manner, except, in any case, as expressly permitted under the
Financing Orders or the Permitted Liens;

Debtors:      The Russ Companies, Inc. *et al.*
Case No:      11-22471 (DHS)
Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
AND 721, AND RULES 2002, 4001, AND 9014 OF THE  FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING TRUSTEE TO
OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND
SECURED BASIS, (II) PERMITTING THE USE OF CASH
COLLATERAL, (III) GRANTING INTERIM RELIEF, AND
(IV) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY
RULE 4001(c)**

---

(p)     The Bankruptcy Court shall not have entered the Financing Orders
or the Financing Orders shall cease to be in full force and effect
after the date of entry thereof (whether due to modification,
reversal, revocation, remand, stay, rescission, vacation, amendment,
or otherwise) without the prior written consent of Lender (and no
such consent shall be implied from any other authorization or
acquiescence by Lender);

(q)     The entry of an order (i) revoking or terminating the Trustee's
authority to operate the Debtors' business under section 721 of the
Bankruptcy Code, (ii) dismissing a Chapter 7 Case either
voluntarily or involuntarily or (iii) converting a Chapter 7 Case to
a case under chapter 11 of the Bankruptcy Code;

(r)     The entry of an order (i) providing relief from the automatic stay
otherwise imposed pursuant to section 362 of the Bankruptcy Code
with respect to any material contract, lease, or obligation or against
any critical vendor; (ii) allowing a third party to proceed against
any material assets or contracts; (iii) staying or otherwise
prohibiting the prosecution of any enforcement action by the
Lender or the Prepetition Lender; or (iv) otherwise adversely
affecting the Lender's or Prepetition Lender's liens, claims, or
rights and remedies;

(s)     If, other than as set forth in the Financing Orders, (i) any creditor
receives any adequate protection payment which is not fully
acceptable to the Lender in its sole discretion or (ii) any lien is
granted as adequate protection; or *(retained, is*

(t)     The Trustee resigns or is removed as trustee of the Chapter 7 Cases
or The Clear Thinking Group terminated or is otherwise no longer
employed by the Trustee less than four weeks following the
Petition Date, unless Wells Fargo otherwise agrees in writing.